IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENAIL BROWN, | § | |
| | § | No. 53, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1112012522 |
| STATE OF DELAWARE, | § | 1205017240 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 10, 2016[1]
Decided: August 19, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 19th day of August 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Jenail Brown, filed this appeal from the Superior Court's order dated January 8, 2016, denying dual motions for postconviction relief under Superior Court Criminal Rule 61. The State has filed a motion to

---

[1] In this appeal from the denial of postconviction relief, neither the parties' submissions on appeal nor the Superior Court record included a copy of the underlying motion for postconviction relief filed on October 17, 2014. At the Court's request, the Prothonotary located the original motion, which was inadvertently omitted from the record lodged on appeal. The motion was filed with this Court, in the Office of the Clerk, on August 10, 2016, and will be placed in the Superior Court record.

affirm the Superior Court's judgment on the ground that it is manifest on the face of Brown's opening brief that the appeal is without merit. We agree and affirm.

(2) Brown was indicted in 2011 on multiple counts of rape and a weapon offense.[2] In 2012, Brown was indicted on numerous charges after he assaulted his girlfriend.[3] On October 11, 2012, Brown pled guilty to Rape in the Second Degree in the 2011 case and to Assault in the Second Degree, Aggravated Menacing, and a weapon offense in the 2012 case. On December 14, 2012, following a presentence investigation, the Superior Court sentenced Brown to a total of twenty unsuspended years at Level V imprisonment followed by probation.

(3) On January 7, 2014, Brown filed a *pro se* motion for postconviction relief claiming that his guilty plea was involuntary due to the ineffectiveness of his defense counsel. The Superior Court appointed counsel to represent Brown. On October 17, 2014, Brown's postconviction counsel filed a motion for postconviction relief alleging that Brown's guilty plea convictions must be vacated because Brown was unaware that, during the pendency of his criminal prosecutions in 2011 and 2012, certain employees of the state's crime lab were tampering with drug evidence. The employees' misconduct, which was uncovered in a 2014 criminal investigation of the crime lab, was widely reported on and became the

---

[2] *State v. Brown*, Del. Super., Cr. ID No. 1112012522.

[3] *State v. Brown*, Del. Super., Cr. ID No. 1205017240.

2

basis of dozens of motions filed by defendants seeking to avoid pending criminal prosecutions or to vacate prior criminal convictions. Although there was no drug evidence involved in either of Brown's cases, DNA evidence in Brown's 2011 rape case was tested at the lab where the evidence tampering had occurred. In the motion for postconviction relief filed on behalf of Brown, Postconviction Counsel argued that the existence of the evidence tampering was material to Brown's defense, and that the State's failure to disclose the information was a violation of *Brady v. Maryland*.[4]

(4)    On March 12, 2015, in response to the Superior Court's request for his position on Brown's *pro se* motion alleging ineffective assistance of defense counsel, Postconviction Counsel filed a motion to withdraw indicating that he had reviewed the record and could find no basis to advocate the ineffective counsel claim. Brown's defense counsel filed an affidavit and supplemental affidavit denying the ineffectiveness allegations, and the State responded to the postconviction motions.

(5)    By order dated January 8, 2016, the Superior Court issued a detailed and thorough decision denying Brown's *pro se* motion for postconviction relief as

---

[4] 373 U.S. 83 (1963). *See Guilfoil v. State*, 2016 WL 943760, at **3 (Del. Mar. 11, 2016) ("Under *Brady* and its progeny, the State's failure to disclose exculpatory and impeachment evidence that is material to the case violates a defendant's due process rights.") (quoting *Wright v. State*, 91 A.3d 972, 987 (Del. 2014))).

well as the postconviction motion filed by Postconviction Counsel. The Superior Court also granted Postconviction Counsel's motion to withdraw.

(6) On appeal, Brown continues to argue that his defense counsel was ineffective and that the State's failure to disclose the "ongoing governmental misconduct" in the state crime lab was a *Brady* violation. Having carefully considered the parties' positions on appeal, the Court concludes that Brown's claims are without merit for the reasons given in the Superior Court's order of January 8, 2016. The Superior Court fully and carefully explained why Brown's claims are without merit.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] *See also Aricidiacono v. State*, 125 A.3d 677, 678-79 (Del. 2015) (citing cases); *Garvey v. State*, 2016 WL 4191925, at *2 (Del. Aug. 2, 2016) (rejecting postconviction claim of *Brady* violation "[i]n the absence of any indication that the alleged misconduct of [the Chief Medical Examiner] involved Garvey's case"); *see Albury v. State*, 551 A.2d 53, 59 (Del. 1988) (holding that in the context of a guilty plea, a movant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the movant would not have pleaded guilty and would have insisted on going to trial).